UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMIE COUSINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00318-DBH |
| | ) | |
| WALMART STORES INC., | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF DECISION ON MOTION TO STAY**[1]

In this action, Plaintiff asserts that Defendant violated Title VII of the Civil Rights Act when Defendant allegedly failed to extend Plaintiff's employee health benefits to her same-sex spouse in August 2013. The matter is before the Court on Defendant's Motion for Temporary Stay (ECF No. 9).

Through its motion, Defendant requests that the Court stay this proceeding pending the resolution of a motion to dismiss that Defendant intends to file in a class action (not yet certified) in the United States District Court for the District of Massachusetts,[2] in which action the plaintiffs similarly seek to impose liability on Defendant for not providing employee health benefits to same-sex spouses before Defendant changed its policy in 2014. As explained below, after consideration of the parties' arguments, the Court denies the motion.

---

[1] The motion to stay is not dispositive of any claims or defenses and does not seek injunctive relief. Accordingly, on referral the matter is address by order rather than by recommended decision. 28 U.S.C. § 636(b)(1)(A); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) ("An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction . . . ."); *Gonzalez v. GE Grp. Adm'rs, Inc.*, 321 F. Supp. 2d 165, 166 – 67 (D. Mass. 2004) (citing *Third Millennium Tech., Inc. v. Bentley Sys., Inc.*, No. 03-1145-JTM, 2003 WL 22003097, at *1 – 2 (D. Kan. Aug. 21, 2003) (collecting cases related to magistrate judge authority to issue an order staying proceedings).

[2] *Cote v. Wal-Mart Stores, Inc.*, No. 1:15-cv-12945-WGY (D. Mass.) (complaint filed July 14, 2015).

The Court may stay proceedings for "prudential reasons," which can include the pendency of parallel proceedings. *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004).[3] Whether the existence of a parallel proceeding warrants the stay of a proceeding requires consideration of various interests and is a case-specific inquiry. *Id.* at 78. The primary considerations are: (1) the interests of the plaintiff in proceeding expeditiously with her case, including the avoidance of any prejudice arising from delay; (2) the hardship to the defendant, including the burden associated with defending multiple actions; and (3) judicial economy.[4] *Id.* (involving parallel civil and criminal litigation); *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009) (involving a request for a stay pending resolution of a motion to transfer filed before the Judicial Panel on Multidistrict Litigation).

In this case, Defendant requests a stay until it has filed and obtained a ruling on a dispositive motion in the Massachusetts class action. According to Defendant, Plaintiff would not be prejudiced because Defendant now makes employee health benefits available to Plaintiff's spouse. Defendant also maintains that judicial economy militates in favor of a stay because Plaintiff is a putative class member in the Massachusetts action.

Defendants' arguments are unpersuasive. As to the potential prejudice to Plaintiff if this action is stayed, Plaintiff's claim is not limited to a request for injunctive relief that requires Defendant to maintain a policy that extends employee health benefits to the same-sex spouse of an employee. Plaintiff also requests monetary damages as the result of the past denial of benefits.

---

[3] To demonstrate "entitlement" to a stay the moving party must present "a clear case of hardship." *Microfinancial, Inc.*, 385 F.3d at 77 (quoting *Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 5 (1st Cir. 1983)). Defendant does not suggest that it is entitled to a stay.

[4] The parallel proceeding issue often arises where a party seeks to stay a civil action while a related criminal matter is pending. The interests of the public and specific third parties might be relevant, particularly when the parallel proceeding is a criminal case. *Microfinancial, Inc.*, 385 F.3d at 78. Neither party argues that the Court should consider other interests, and the Court does not discern any other interests concerns that would materially alter the assessment of the motion.

Contrary to Defendant's argument, therefore, Plaintiff would be prejudiced if she were required to wait an indefinite period of time to recover monetary damages in the event she could prove liability. Plaintiff also represents, and the record lacks any information to suggest otherwise, that Plaintiff will opt out of the class action case in the event a class is certified. The Court, therefore, does not consider Plaintiff to be an actual party to both proceedings.

Defendant's concern about the possibility of inconsistent court rulings on the legal issues if this matter proceeded simultaneously with the Massachusetts action does not constitute sufficient hardship to warrant a stay. The analysis and ruling of one district is not binding on another district. Because Plaintiff does not intend to join the Massachusetts action even if the class is certified, the possibility of inconsistent rulings between districts exists regardless of whether the matter is stayed. Furthermore, because any decision of the District of Massachusetts would not bind this Court, judicial economy would not be served by the stay of this action.

Based on the foregoing analysis, the Court denies Defendant's Motion for Temporary Stay (ECF No. 9).

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of September, 2015.